. In Equity.

## FRED LaFOREST *vs.* WILLIAM L. BLAKE COMPANY.

## Cumberland.    Opinion May 13, 1905.

*Equity Practice.    Master's Report.    Exceptions.    Report to Law Court.    Mortgagor.*
*Premature Action.    Mortgage.    Foreclosure.    Accounting.    Rents and Profits.*

The plaintiff conveyed in mortgage to the defendant certain land in Saint John Plantation.    The plaintiff failed to perform the condition of the mortgage and the defendant took possession of the mortgaged premises for the purpose of foreclosure, and retained such possession.    The plaintiff then demanded an account of the defendant of the amount due on the mortgage and of the rents and profits.    The defendant rendered to the plaintiff an account which the plaintiff claimed was not a true account. Thereupon the plaintiff brought a bill in equity to redeem.    After answer filed, a master was appointed to hear the parties and determine the amount due on the mortgage after deducting the rents and profits, if any. The master heard the parties and made his report to the court stating the amount he found to be due under the mortgage.    Both parties excepted to the master's report.

A hearing was had before a single Justice "upon exceptions of both the plaintiff and the defendant to the master's report," and thereupon, without any ruling or decision by the sitting Justice, it was reported to the Law Court "for decision upon said exceptions," stipulating that "all further issues of law and fact necessary for a final decision of this cause," be before a single Justice whose decision "shall be accepted as final." This was irregular.    Reports are intended to take up the whole case for the Court to make final disposition.    It should not come up by installments. Here nothing is reported except such evidence as bears upon the acceptance or rejection of the master's report.    All the Court is authorized to do is to sustain or overrule the exceptions.    Whether the bill can be maintained or not, or whether plaintiff has a right to redeem, is not submitted, and the Court can give no direction as to the final disposition of the cause. It should have proceeded to a decree upon the merits before the sitting Justice and then come to the Law Court, or the whole cause both law and fact should have been reported.

Ordinarily, a partial report like this would be discharged.    But, notwithstanding the irregularity, as the parties appear to have stipulated that after decision by the Law Court upon the exceptions to the master's report, all further issues of law and fact are to be determined finally by a

single Justice, and, therefore, the case may not come to the Law Court again, so the Court has concluded to entertain this limited report. But it is not to be regarded as a precedent of practice.

Where a mortgagee who has taken and retained possession of a mill property, under his mortgage, has used reasonable diligence to find a tenant for the premises but owing to the hostile attitude and threats of the mortgagor, the tenant which had been secured was led to abandon his agreement to hire the premises and refused to take possession thereof, and the mortgagee was in a large measure prevented from securing any other tenant by reason of the hostility of the mortgagor, such mortgagee will not be charged with rents and profits during the time such mill was idle. The mortgagor has only himself to thank for the non-productiveness of the property.

*Held:* All the master's findings are approved and his report must be accepted, allowed and confirmed.

In Equity. On exceptions by both plaintiff and defendant, to master's report. Overruled.

The case is sufficiently stated in the opinion.

*Peter C. Keegan and Drummond & Drummond,* for plaintiff.

*Symonds, Snow, Cook & Hutchinson, and Albert S. Woodman,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

STROUT, J. April 17, 1901, plaintiff conveyed in mortgage to the defendant, certain land in Saint John plantation, on which there was a mill with machinery for the sawing of logs and shingles. The condition was for the payment of "the amount of the indebtedness now owing by said grantor to said grantee, to wit, the sum of fourteen hundred and forty-six dollars and forty cents, in manner following, namely, five hundred dollars upon demand, and nine hundred and forty-six dollars and forty cents upon August 1, 1901, with interest at the rate of six per cent per annum" and also to pay all future indebtedness, and a provision as to insurance. Plaintiff failed to perform the condition of the mortgage, and on the twenty-eighth day of May, 1902, defendant took possession of the mortgaged premises for the purpose of foreclosure, and has ever since retained such possession. October 16, 1902, plaintiff demanded an account of the

defendant of the amount due on the mortgage and of the rents and profits. October 21, 1902, defendant rendered to plaintiff an account, which plaintiff claimed was not a true account. Thereupon he brought this bill in equity to redeem. After answer filed a master was appointed, to hear the parties and determine the amount due upon the mortgage, after deducting the rents and profits, if any. The master heard the parties and their evidence and made his report to the court that there was due under the mortgage on October 21, 1902, the date when defendant rendered its account to plaintiff, three thousand six hundred and eight dollars and one cent, a less sum than that claimed by defendant in its account rendered to the plaintiff, and that on May 5, 1904, the date of the master's report, the amount due was four thousand three hundred and sixty-four dollars and seventy-three cents. Both parties except to the master's report.

A hearing was had before a single justice "upon exceptions of both the plaintiff and defendant to the master's report," and thereupon, without any ruling or decision by the sitting justice, it was reported to the Law Court "for decision upon said exceptions," stipulating that "all further issues of law and fact necessary for a final decision of this cause" be before a single justice whose decision "shall be accepted as final." This was irregular. Reports are intended to take up the whole case, for the Court to make final disposition. It should not come up by installments. Here nothing is reported except such evidence as bears upon the acceptance or rejection of the master's report. All we are authorized to do is to sustain or overrule the exceptions. Whether the bill can be maintained or not, or whether plaintiff has a right to redeem is not submitted, and we can give no direction as to the final disposition of the cause. It should have proceeded to a decree upon the merits before the sitting justice, and then come here by appeal, or the whole cause both law and fact should have been reported. Ordinarily a partial report like this would be discharged.

But notwithstanding the irregularity, as the parties appear to have stipulated that after decision here upon the exceptions to the master's report, all further issues of law and fact are to be determined finally by a single justice, and therefore the case may not

again come here, we have concluded to entertain this limited report, but it is not to be regarded as a precedent of practice.

Defendant objects to the master's ruling that interest upon the fourteen hundred dollar item mentioned in the condition of the mortgage, should commence at the date of the mortgage, and claims that interest should be computed from an earlier date, when the debt in fact accrued. We are unable to see any reasonable ground for this claim. The language is "the amount of the indebtedness now owing by said grantor to said grantee, to wit, the sum of fourteen hundred and forty-six dollars and forty cents." This language clearly fixed the amount of that debt at that time. It may have included prior interest, if any was due, but the master was justified, in fact, required, to rule as he did.

Defendant also claimed interest on each subsequent merchandise account from the date of the charge, whereas the master allowed a credit of thirty days and computed interest thereafter. It is sufficient to say of this claim, that the defendant in its account rendered plaintiff, made its account in the same manner adopted by the master, allowing thirty days credit, before charging interest. It cannot now demand what it did not claim in October, 1902. Afterthoughts are not favored.

In the account rendered plaintiff, defendant claimed one hundred and fifty dollars for care of the property up to that time, and before the master claimed two hundred and fifty dollars additional for the care since, in all four hundred dollars. Both claims were rejected by the master. It must be borne in mind that the defendant resides in Portland, and the mortgaged estate is in Aroostook county, some three hundred and fifty miles distant. Personal care was therefore impracticable. Defendant employed an attorney in the vicinity of the property and several other agents to care for it. The master has allowed all disbursements to these parties. The defendant's travelling salesman had occasion to be in the locality somewhat frequently, and much of the effort to lease the mill was through those agencies and by correspondence. Only one hundred dollars has been received as the rents and profits of the property since

possession taken by defendant. Under all the circumstances, we think the master's ruling upon this question was correct.

The plaintiff's several exceptions to various disbursements by defendant on account of the property are not well taken. These disbursements were amply proved, and were clearly suitable and necessary in the care of the property, and were rightly allowed. His main objection is that only one hundred dollars have been realized as rents and profits, and he claims that a large amount could and ought to have been realized, and that the defendant should be charged accordingly. Upon this the master says, "I find that the respondent used reasonable diligence in endeavoring to find a tenant for the premises, and that owing to the hostile attitude and threats of the complainant, the tenant which had been secured by the respondent was led to abandon his agreement to hire the premises and refused to take possession thereof, and that the respondent was in a large measure prevented from securing any other tenant by reason of the reported hostility of the complainant." This finding is supported by the evidence. The plaintiff was incensed because possession was taken by defendant, and instead of aiding, as he could have done, or even acquiescing in the efforts made to render the mill productive, he pursued a course calculated, if not designed, to prevent any profitable leasing of the premises. Instead of complaining of the defendant in this regard, he has himself to thank for the non-productiveness of the property.

All the master's findings are approved. The master's report must be accepted, allowed and confirmed; all further proceedings to be before a single justice, whose decision, according to the stipulation of the parties, is to be final.

*Exceptions of both parties overruled.*